UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF ALASKA

In re:

VALDEZ HELI-SKI GUIDES, LLC,

Debtor.

Case No.  A06-00358-DMD
Chapter 7

**Filed On
11/3/06**

### MEMORANDUM RE: ASSUMPTION AND ASSIGNMENT
### OF LEASE AND SALE OF PERSONAL PROPERTY

The late Doug Coombs and his wife Emily started a business in Valdez known as Valdez Heli-Ski Guides in 1998.  The business catered to extreme skiers.  It offered guided skiing via helicopters to mountains in the Valdez area.  Coombs leased some cabins and a helicopter pad from Chugach Wilderness Outpost, Inc. ("Outpost"), as a base for their operations.  The lease began in 1998 and ends in 2008.  While the lease payments are a modest $1,500.00 a year, the thirty-two page document contains extensive covenants including a provision that requires the lessor's consent to its assignment.

The Coombs' sold their interest in Valdez Heli-Ski Guides to Scott Raynor in 2001.  In accordance with the lease, the Coombs obtained Outpost's consent to the change in ownership.  Raynor apparently operated successfully until the 2005 season.  According to Raynor, he contracted with a helicopter company that failed to provide the three helicopters needed for the operation in a timely manner.  As a result, Raynor placed his corporation in chapter 7 bankruptcy on September 5th of 2006.  His schedules listed assets of $53,458.23 and liabilities of $627,120.34.

Kenneth Battley is the duly appointed chapter 7 trustee for the debtor.  He has proposed a sale of the business assets together with an assumption and assignment of the

lease to Chugach Helicopter Skiing, LLC, for $11,500.00. Raynor is the sole shareholder of the new corporation. Evergreen Helicopters of Alaska, a creditor with an unsecured claim of over $292,000.00, has objected to the sale. Outpost has objected to the assumption and assignment of the lease.

The assignment and assumption of executory contracts and leases is governed by 11 U.S.C. § 365. Section 365(c)(1) provides:

> (c) The trustee may not assume or assign any executory contract or unexpired lease of the debtor, . . . if –
>
> (1)(A) applicable law excuses [the other party to the contract] from accepting performance from . . . an entity other than the debtor . . . whether or not such contract or lease prohibits or restricts assignment of rights or delegation of duties; and
>
> (B) such party does not consent to such assumption or assignment.[1]

The First Circuit applied § 365(c) in *In re Pioneer Ford Sales, Inc.*[2] In *Pioneer*, the debtor sought to assign its Ford franchise, over Ford's objection, to a Toyota dealer known as Toyota Village. The First Circuit refused to allow the assignment. Under applicable state law, the assignment couldn't be made without Ford's consent, which consent "shall not be unreasonably withheld."[3] The court found that Ford had a reasonable basis for its refusal to consent to the assignment. Ford required its dealers to retain working capital

---

[1] 11 U.S.C. § 365(c)(1).

[2] 729 F.2d 27 (1st Cir. 1984).

[3] *Id.* at 28, citing R.I. Gen.Laws § 31–5.1–4(C)(7).

2

of at least $172,000.00. Toyota Village had working capital of just $37,610.00. Ford's refusal was reasonable under the circumstances and the proposed assignment of the Ford franchise agreement was denied.

There are similar circumstances here. The lease with Outpost contains a provision regarding assignments that states, in part:

> Lessee shall not voluntarily assign or encumber its interest in this Lease or in the property, or sublet all or any part of the property, or allow any other person or entity to occupy or use all or any part of the property without first obtaining Lessor's written consent, which shall not be unreasonably withheld. Factors the Lessor will consider include but are not limited to the financial condition of the proposed transferee, the knowledge of and reputation of the proposed transferee in the heliski business . . . .[4]

Outpost is concerned about the financial condition of the proposed transferee, Chugach Helicopter Skiing. There is a factual basis for its concern. Chugach Helicopter Skiing is a new corporate entity, just formed in April of 2006. The principal of this new entity, Scott Raynor, is the same person whose management led to losses of over $600,000.00 for the debtor. The new corporation apparently has no capital. It is relying on pre-paid deposits from prospective client skiers to finance its operations. Under the proposed assignment, the $1,500.00 lease payment for the upcoming ski season would be prepaid to Outpost. But the lease imposes numerous other covenants upon the lessee that will remain outstanding, the most significant being a general duty of indemnity and a specific duty for

---

[4] Lease Agreement between Chugach Wilderness Outpost, Inc. And Valdez Heli-Ski Guides, Inc., p. 10, ¶ 14.1 (attached as Appendix A to Trustee's Mot. to Approve Assumption and Assignment of Executory Contract, filed Oct. 12, 2006, at Docket No. 17).

indemnification for environmental contamination.[5] These covenants are meaningless when a corporation is undercapitalized or insolvent. While the proposed assignee might be able to fund liability insurance for $1,000,000.00 per claim as required by the lease, Alaska claims involving personal injury and wrongful death frequently exceed that limit. Moreover, the liability insurance would not cover any environmental remediation claims that might arise from a breach of the lease. Given the potential size of such claims and the proposed assignee's lack of significant capital, the fact that there have been no fuel spills to date is insufficient assurance to the lessor. These are commercially reasonable reasons to withhold consent to the assignment of the lease. They fall within the confines of the restrictions contained in ¶ 14.1 of the lease as well as standards established by Alaska law.[6] Because Outpost's rejection of the proposed assignment is reasonable, and therefore permissible under the provisions of the lease as well as applicable state law, the lease can't be assigned under § 365(c).

There is an additional reason why the lease cannot be assigned. Under 11 U.S.C. § 365(f)(2), a trustee may assign an unexpired lease of the debtor only if the proposed assignee can provide adequate assurance of future performance under it. Given Chugach Helicopter Skiing's lack of equity and total dependence on prepaid deposits for working capital, it cannot provide adequate assurance of its performance under the lease.

I conclude that the trustee may not assume and assign the lease. An appropriate order will be entered in accordance with this memorandum. Because the sale of personal

---

[5] There are several small, above-ground fuel tanks on the leased premises. During the ski season, an additional 5,000 gallon above-ground tank is temporarily placed on the leased premises to provide fuel for three helicopters.

[6] *Norville v. Carr-Gottstein Foods Co.*, 84 P.3d 996, 1001 (Alaska 2004).

4

property and assumption and assignment of the lease are one transaction, an order denying both the sale of business assets and assignment of the lease will be entered.

DATED: November 3, 2006.

BY THE COURT

/s/ Donald MacDonald IV
DONALD MacDONALD IV
United States Bankruptcy Judge

Serve:   C. Christianson, Esq.
W. Bixby, Esq.
E. LeRoy, Esq.
K. Olmstead, Esq.
U. S. Trustee

11/3/06

5